

FILED
SEP 23 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD L. BUTLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:21-cv-02187 (UNA) |
| v. ) | |
| ) | |
| ALL AFRICAN IMMIGRANTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, a prisoner currently designated to the James V. Allred Unit, located in Wichita Falls, Texas, initiated this matter on August 12, 2021, by filing a complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. On August 26, 2021, the court reviewed the complaint and found that it failed to comply with Fed. R. Civ. P. 10(a) and D.C. LCvR 5.1, *see* Aug 26, 2021 Order, ECF No. 5. The court entered an order striking the nonconforming complaint and directing plaintiff to submit, within 30 days, a conforming amended complaint. *Id.* at 2. Plaintiff was also provided with a courtesy copy of filing instructions specifically applicable to prisoners. *Id*.

Plaintiff has now filed a timely amended complaint ("Am. Compl."), ECF No. 6. For reasons explained herein, the court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), § 1915A(b)(1), by which the court is required to dismiss a case at any time if it determines that the action is frivolous. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff sues "all African immigrants employed by the Texas Department of Criminal Justice Prison System" and two other individuals who appear to be affiliated with the Texas Department of Criminal Justice. *See* Am. Compl. at 1–2. He seeks an order "banning all African immigrants from being employed with the Texas Department of Criminal Justice prison system because their funding with the Boko Haram[] terrorist groups that[] [are] now fully operating with ISIS, the Taliban, and warlords." *Id.* at 1. He further contends that defendants are "from Africa" and have informed him that future "terroristic violations" will affect all Americans. *Id.*

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are, the without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

In addition to failing to state a claim for relief, or to establish this court's jurisdiction over the complaint or these defendants, the complaint is deemed frivolous on its face. Consequently, the amended complaint, ECF No. 6, and this case are dismissed without prejudice. Plaintiff's

pending application for leave to proceed *in forma pauperis*, ECF No. 2, is granted, and the request for appointment of counsel, ECF No. 4, is denied as moot. A separate order accompanies this memorandum opinion.

                                                                                                             /s/
                                              AMY BERMAN JACKSON
                                              United States District Judge

Date: September 23, 2021